### CARSON et al. v. HARROD.

No. 11464—Opinion Filed June 5, 1923.

1. **Principal and Agent—Entrusting Money to Agent—Trust Relation.**

Where a person receives money from another under an agreement to pay out such money for the principal for some particular purpose, a trust relation arises between the parties to the transaction.

2. **Same—Duties of Agent.**

The trust relation existing between the parties makes it the duty of the agent to disclose to his principal a full and truthful report of his action, and to faithfully and fairly perform the services for his principal that he has agreed and undertaken to do.

3. **Limitation of Actions—Fraud—Discovery —Action Against Agent for Violation of Trust.**

If the agent wrongfully performs the duties of his agency and trust relation, and falsely reports his actions to his principal, and by fraudulent acts and representations leads his principal to believe that the service has been faithfully performed, for any wrong committed by the agent the statute of limitations will run only from the time of discovery of the fraudulent act, or from such time as the defrauded party with ordinary diligence might have discovered the fraud.

4. **Same—Constructive Notice of Fraud.**

When a relation of trust or confidence exists, making it the duty of the defrauder in the trust capacity to disclose the true state

of facts, where the transaction involves real estate, the defrauded party is not charged with constructive discovery of the fraud on account of the facts being a matter of public record.

### 5. Appeal and Error—Review—Questions of Fact—Verdict.

On appeal to this court the judgment will not be set aside for the want of testimony, if there is any testimony that reasonably tends to support the verdict of the jury, as the jury is the sole judge of the facts, and has the opportunity to observe the manner and demeanor of the witnesses while testifying, and their interest or lack of interest in the outcome of the suit, which elements in some cases may prove stronger than the written words of the witnesses.

### 6. Same—Affirmance.

We have carefully examined the record in this case and hold that there is sufficient evidence to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Pottawatomie County; Clarence Robison, Judge.

Action by Harriet L. Harrod against E. T. Carson and J. F. Dickson for the recovery for damages. Judgment for plaintiff. Defendants bring error. Affirmed.

Goode & Dierker, for plaintiffs in error.

Lydick & Arrington, for defendant in error.

Opinion by STEPHENSON, C. Plaintiff commenced her action in the county court of Pottawatomie county in July, 1919, against the defendants for the recovery of the sum of $335.41, alleging that the plaintiff, in March, 1913, had delivered to the defendants the sum of $246.61 for the payment of paving taxes for the year 1910, on certain real estate situated in the city of Shawnee. The plaintiff further alleged that the defendants were to endeavor to secure a reduction of the taxes and penalty in question, and return the balance to the plaintiff. The petition further set forth that the defendants later informed the plaintiff that the taxes in question had been paid, and the defendants, being abstracters in that county, prepared and submitted an abstract to the plaintiff covering the property in question, showing the same to be free and clear of all taxes, and that such representations induced the plaintiff to believe, and she did believe, that the taxes had been paid on the property in question. The plaintiff further alleged that in the first days of 1919, she caused an abstract to be made to a portion of the property in question, which showed the paving taxes for 1910 were yet unpaid.

The defendants for answer allege that they paid the taxes upon the property and secured a receipt therefor, and further alleged that the action of plaintiff was barred by the statute of limitation.

There was no dispute between the parties upon the question of defendants receiving the money for the payment of the taxes, nor as to when the plaintiff first discovered the nonpayment of the taxes. The county treasurer testified in the trial of the cause that his records did not show the payment of the taxes, and did not show the issuance of a tax receipt for the paving taxes for the year 1910. The defendants testified that they paid the taxes in question and delivered the tax receipt to another party in connection with the records of the loan that had been made by the defendants upon the property, but the defendants were unable to procure the tax receipt, and the party to whom it was delivered did not recall the alleged receipt. The defendants were unable to show a canceled check for the payment of the taxes to the treasurer. When the plaintiff discovered the taxes had not been paid, the principal and penalties accruing amounted to $335.41, and she paid this sum in settlement of the taxes, and commenced her action for the recovery of the sum. The cause was tried to a jury, and a verdict for like sum was returned for the plaintiff.

The defendants complain: First, that the action was barred by the statute of limitation; second, that the defense so asserted was submitted to the jury upon erroneous instructions by the court; third, that the verdict is not supported by sufficient testimony.

Upon the question of the cause being barred by the statute of limitation, plaintiff's petition discloses that the defendants were acting as her agents, and occupied a trust relation with the plaintiff in the payment of the taxes, and that the defendants (according to plaintiff's petition) failed and refused to carry out their agreement with the plaintiff, and at the same time represented to her that the taxes had been paid, and further submitted to her an abstract prepared by the defendants showing the property in question to be free and clear of the paving taxes for the year 1910. The question presented is whether or not the conduct of the defendants was such as to toll the statute. This court has passed upon the question and has laid down the rule to be that where a party stands in a trust relation with another, and by wrongful and fraudulent representations to the principal leads the latter to believe that certain acts have been performed by the agent, when such is

not true, and the representations are such as are calculated to, and do, lull the principal into a sense of security, such conduct on the part of the agent is sufficient to, and does, toll the statute, and even though the cause of action would be barred, aside from the fraudulent action of the agent, the principal will be permitted to maintain an action against the agent after the discovery of the wrongful action, if commenced within a reasonable length of time after the knowledge of fraud and wrong come to the principal. Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207. Under this rule of law, the plaintiff's petition showed upon its face that the action was not barred. The answer of the defendants on this question amounted merely to a general denial.

The plaintiff was required to prove the material allegations of her petition by a fair preponderance of the testimony. Plaintiff alleged the receipt of the money by the defendants under such circumstances as would constitute a trust relation between the parties, and in order for the jury to find that plaintiff was entitled to recover, it would necessarily have to find that the money was received by the defendants under the condition as alleged by the plaintiff, which would, in effect, be a finding that the action was not barred, as plaintiff based her recovery upon a condition of facts that constituted a trust relation between the parties. As the time plaintiff acquired knowledge of the fraud was not disputed by the defendants, the action, with reference to the statute of limitation, was the same as if the original cause of action had arisen in the first days of the year 1919. This left the question of the statute of limitation as one of law, rather than a question of fact and law. The instruction given to the jury by the court upon the question of the limitation is very meager, and if the question of the statute of limitation had been substantially involved, it would be insufficient; but as the question finally resolved itself into one of law, the rights of the defendants could not be prejudiced by an insufficient instruction. Therefore the error, if any, is deemed harmless.

In passing upon the question of the sufficiency of the testimony to support the verdict, we may add there was abundant testimony offered by the respective parties to support their contentions, and under the rule heretofore laid down by this court, where there is any testimony that reasonably tends to support the verdict of the jury, it will not be set aside. The trial court did not commit error in overruling motion for new trial. Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381; C., R. I. & P. Ry Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096; Kinney v. Williams, 66 Okla. 167, 168 Pac. 196; State Bank of Caddo v. Airington, 68 Okla. 160, 172 Pac. 462.

By the Court: It is so ordered.