JENNINGS et al. v. ELLIOTT et al.

*97 P. 2d 67.*

No. 29387.   Dec. 19, 1939.

H. O. Bland and Milton W. Hardy, both of Tulsa, for plaintiffs in error.

P. D. Erwin, of Wellston, for defendants in error.

RILEY, J. This is an appeal from an order granting a temporary injunction, and from an order denying a temporary injunction sought by plaintiffs in error.

Defendants in error were plaintiffs and plaintiffs in error were defendants below. The parties will hereinafter be referred to as plaintiffs and defendants as in the trial court.

Plaintiffs commenced this action June 3, 1939, seeking the cancellation of an oil and gas lease. They alleged ownership as heirs of A. J. Elliott, deceased, and possession of the real property covered by the lease, and that defendants claimed some interest under said lease executed by A. J. Elliott and L. C. Elliott to R. G. Jennings of Pittsburgh, Pa.

The lease in question was the ordinary 88 form in use at that time. The term was for five years from date of lease, "and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee." As grounds for cancellation, plaintiffs alleged:

"R. G. Jennings drilled a shallow well upon said premises to a depth of approximately 2,600 feet, from which well gas was produced for a number of years in small quantities; that no other well has ever been drilled upon said premises;

that the development in nearby territory has indicated that production might be obtained at greater depths; that the production of gas from the said well for ten or fifteen years preceding the first of March, 1938, was very small; and that no gas or oil has been produced or sold therefrom since on or about the 1st day of March, 1938.

"That the defendants just mentioned have never reasonably or properly developed the said lease, although requested so to do, and have entirely abandoned the same; that the said lease has been thereby forfeited; and that the same should be canceled and set aside as a cloud upon the title of the plaintiffs."

Defendants, on June 30, 1930, filed their motion to require plaintiffs to make their petition more definite and certain. July 5, 1939, plaintiffs filed an "Amendment to Petition," alleging:

"That since the commencement of this action and on or about the 29th day of June, 1939, the individual defendants, or a part of them, wrongfully and unlawfully and without notice to or consent of the plaintiffs, entered and trespassed upon the premises described in the petition, opened up old gas well located thereon, and have demanded and obtained connection with the pipe line of Oklahoma Natural Gas Company and are producing gas therefrom and selling it to said company. * * *

"That each and all of the individual defendants are nonresidents of the state of Oklahoma; that plaintiffs will be greatly, materially and irreparably injured and damaged unless the defendants are restrained from operating said well or making further trespass on said property; and that the plaintiffs have no adequate, speedy or complete remedy at law."

They prayed for an injunction restraining defendant from entering and trespassing upon said premises, and from taking or producing gas from said well, and from injuring or destroying the well or pulling casing therefrom, and for all other proper and equitable relief.

A temporary restraining order was issued restraining defendants as prayed

for in the amendment to the petition until further order of the court.

In the same order the court set the application for a temporary injunction for hearing on July 12, 1939, and ordered that defendants be given five days' notice of such hearing.

On July 12th, defendants filed an application for restraining order and temporary injunction against plaintiffs, and for a permanent injunction against plaintiffs.

They alleged in substance that they were the lessees of and producing gas on the land, and that they claimed right, title, and interest under the lease set out and attached to plaintiffs' petition, and that plaintiffs:

"* * * Are about to enter on and dispose of the mineral rights in and to the above-described property, to the attempted exclusion of these defendants, unless the plaintiffs are restrained from alienating or disposing of said oil and gas mineral rights in and to said property to the irreparable injury and damage of these defendants, and that these defendants have no plain, speedy, adequate, or a complete remedy at law."

They prayed a temporary restraining order, and upon hearing for a temporary injunction, and upon final hearing for a permanent injunction, restraining and enjoining plaintiffs from "alienating or disposing of the oil and gas mining rights conveyed under said oil and gas lease to these defendants, so long as these defendants and each of them, have the right to operate and produce oil and gas under said lease. * * *"

On the same date defendants filed a motion to dissolve the restraining order theretofore issued; and another motion to require plaintiffs to make their petition more definite and certain, and to strike the amendment to plaintiffs' petition.

On the same day plaintiffs filed a motion to strike the application of defendants for a restraining order, and temporary injunction.

It appears from the record that the matter was first called for hearing on the 12th day of July, when the court was in session for hearing the regular motion docket. At that time only the application of plaintiffs for a temporary injunction and the motion of defendants to make plaintiffs' petition more definite and certain had been filed. As to what was then done, the minutes of the clerk show:

"The Court: All right, the case of Elliott v. Jennings. Mr. Erwin (counsel for plaintiffs): Your Honor, that is our application for a temporary injunction and will probably require some evidence and as I understand the custom of the court, he usually passes these matters to the end of the docket. Mr. Bland (counsel for defendants): Now, there are quite a few motions that we want to file here. I ask leave to file them now—we might take them all up this afternoon rather than argue the law questions this morning and present the evidence later. The Court: Very well, we will hear it at the end of the docket."

Later in the day the matter appears to have been again called for hearing. In the meantime the motion of defendants to dissolve the restraining order theretofore issued had been filed, and also their additional motion to make plaintiffs' petition more definite and certain, and to strike the amendment to the petition, and also defendants' application for restraining order and injunction, and the motion of plaintiffs to strike the latter had been filed. At that time the court heard and considered all the matters presented, apparently on the pleadings, and entered its order and judgment.

The journal entry of judgment shows that the court first heard and considered plaintiff's motion to strike defendants' application for restraining order and injunction and sustained the same, and next heard and considered defendants' motion to dissolve the restraining order, and overruled same; then heard and considered defendants' motion to make plaintiffs' petition more definite and certain and strike the amendment thereto, and overruled same, and then heard and considered plaintiffs' application for a temporary injunction and granted same,

substantially as prayed for, with an exception providing defendants should be "permitted to flow off said well in order to relieve gas pressure every two weeks." To each of the findings and orders adverse to them, defendants excepted and gave notice in open court of appeal to this court.

Defendants in due time perfected their appeal, and assign eight specifications of alleged error.

The first assignment is that the court erred in overruling defendants' motion to dissolve the restraining order.

Section 710, O. S. 1931, provides that if a court deem it proper that a defendant, or any party to the suit, should be heard before granting an injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may in the meantime restrain such party.

That is what the court did in the instant case. The only office of a restraining order is to restrain the party against whom it is issued pending a hearing for a temporary injunction. It is merely an order intended to preserve the present status until a hearing may be had upon a pending application for a temporary injunction; when the court acts with reference to the application for temporary injunction the restraining order loses its force. Walbridge–Aldinger Co. v. City of Tulsa, 107 Okla. 259, 233 P. 171.

Had the court denied the application for temporary injunction, the restraining order would by that act have been dissolved, unless the court made some order continuing it in effect for some definite time and purpose. There was no error in denying the motion to dissolve.

Assignments 2 and 3 are that the court erred in denying defendants' application for restraining order and temporary injunction, and in striking said application.

Defendants did not seek a restraining order or temporary injunction restraining plaintiffs from interfering with them or their alleged possession in operating the well, but sought an order restraining or enjoining defendants from alienating or disposing of the oil and gas mining rights conveyed under the oil and gas lease to defendants. This, defendants explain in their brief, meant to restrain plaintiffs from executing a "top" lease; that is, another lease on the same premises while defendants' lease was in force.

In Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329, the right of a landowner to execute an oil and gas lease covering land that is already subject to an unexpired prior lease was before the court and upheld. However, the second lessee does not acquire the right to explore, develop for, and produce oil from the premises as against the prior lessee until the prior lease had terminated. If plaintiffs should execute such a lease it would in no way interfere with defendants in whatever rights they may eventually be adjudged to have under the lease they claim to be still in force. Particularly is this true in the instant case, for any person who might purchase a second lease after this action had been commenced would be a purchaser pendente lite, and would of necessity take subject to any judgment or decree that might thereafter be rendered or entered in defendants' favor. There was therefore no error in denying the application of defendants for a temporary injunction. It being apparent that the application was without merit, there was no error in striking same.

Finally, it is urged that the court erred in granting plaintiffs' application for a temporary injunction.

One of the contentions is that the court erred in not requiring plaintiffs to present evidence in support of their application, and in not permitting defendants to present evidence against the same or in support of defendants' counter application.

We have said that defendants' application was without merit and evidence in support thereof would have been useless.

The record does disclose that when the matter was first called up by the court

both sides indicated that they desired to present evidence, and the matter was apparently passed to later in the day for that purpose. But the record does not show that when the matter was again called up, either side offered any evidence, or either side requested leave to present evidence. No objection was made, and no exceptions were saved as to the action of the court in considering the whole matter upon the pleadings.

Defendants are, therefore, in no position to assert that the court denied them the right to present any evidence they desired or against plaintiffs' application.

It is conceded that the application of plaintiffs was properly verified. There was no denial of the allegations therein contained. The application of defendants was likewise properly verified, but it nowhere denied the allegations contained in plaintiffs' application. It was directed entirely to another matter, viz., the right of plaintiffs to execute a so-called "top" lease, which defendants alleged plaintiffs were about to do. Apparently both sides were willing for the court to pass upon the matters involved upon the pleadings. There was no error in this regard. Nor was there error in granting the temporary injunction prayed by plaintiffs unless the verified application was wholly insufficient to justify the relief. Defendants assert that it was not. With this we cannot agree.

Equity will protect the possession of real estate to the extent of granting a temporary injunction where the possession is in one and there is an attempt by the other to forcibly interfere with such possession and commit trespass or waste without reference to the solvency of the parties, and such possession will be protected until final hearing. Sunderland v. Bishop, 100 Okla. 54, 227 P. 398.

Where an oil and gas lease has terminated either by the expiration of the term or by reason of other provisions therein, the act of the lessee in remaining in possession without the consent of the owner or other persons entitled to the possession amounts to trespass.

American Surety Co. v. Marsh, 146 Okla. 261, 293 P. 1041.

It is well settled that taking oil from land by one not entitled so to do reduces the corpus of the estate to that extent and amounts to waste.

While there was no answer filed by defendants, it is apparent that this is a case where the plaintiffs contend that the lease has expired or terminated under the terms of the lease because production thereunder has ceased, and that defendants are contending that said lease has not expired. It was entirely proper that the property be kept as near as possible in the condition it was when the action was commenced until the case could be heard upon the merits.

The judgment and order granting the temporary injunction is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.