2005 OK 66

**Junior Earl CLONTS, d/b/a Paden Residential Care Center, Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF HEALTH, Defendant/Appellee.**

No. 101,344.

Supreme Court of Oklahoma.

Sept. 27, 2005.

Blake Marcus Bostick, Gary W. Gardenhire, Nick Slaymaker, Mary Womack, Office of General Counsel, Oklahoma City, OK, Attorneys for Department of Health.

Jack Mattingly, Jr., Trisha Smith, Mattingly Law Firm, Seminole, OK, Attorneys for Junior Earl Clonts, d/b/a Paden Residential care Center.

EDMONDSON, J.

¶1 Title 63 O.S.Supp.2002, § 1–1914.2(C) provides that when an operator of a licensed care facility files an administrative appeal in District Court from the Commissioner of the Oklahoma Health Department's appointment of a temporary operator for that facility, the court "... shall conduct a hearing on the petition within five (5) working days of such action by the Department" and, when docketed, the petition for hearing ... "shall have priority over all cases pending on the docket except criminal cases."[1] The question is whether this provision justified the District Court's dismissal of plaintiff's petition for hearing on his appeal because he failed to present the matter for hearing within five

---

1. Section 1–1914.2 appears in Title 63, Article 19, Nursing Home Act, and provides in pertinent part as follows:

A. The State Commissioner of Health may place a qualified person in a facility as a temporary manager to assume operating control of the facility and to ensure that the health and safety of the residents of the facility are protected when any of the following conditions exist:

    1. The conditions at the facility pose immediate jeopardy to the health and safety of the residents of the facility;

    ...

B. The Department shall notify the owner or operator of the action taken, the reason or reasons why such action was taken, and the right of the owner or operator to have a hearing on the matter.

C. Any owner or operator subject to placement of a temporary manager may appeal such action by filing a petition for hearing with the district court. The court shall conduct the hearing within five (5) working days of such action by the Department. On the basis of the hearing, the court may continue the order in effect, revoke it or modify it. The petition for hearing, when docketed, shall have priority over all cases pending on the docket except criminal cases....

working days after "such action by the Department." We find it does not and we reverse the trial court's dismissal and remand the matter for further proceedings.

¶2 The record reveals the following relevant facts. Plaintiff/appellant, Junior Earl Clonts was the licensee and operator of Paden Residential Care Center in Paden, Oklahoma, a facility licensed by the Oklahoma State Department of Health. On July 19, 2004, the Commissioner of the Oklahoma Health Department issued an emergency order appointing and placing a temporary manager in charge of the care center based on the Department's determination that conditions existed which warranted that action to protect the health and safety of the residents. The Department asserted power and jurisdiction to issue the order pursuant to provisions of 63 O.S.2001, §§ 1–106(B)(4), 1–821, 1–830, 1–840 and 63 O.S. Supp 2002, § 1–1914.2(C), and the Oklahoma Administrative Code § 310:2–5–16 (1999).

¶3 The order directed Mr. Clonts to cease and desist from exercising any control over the facility and prohibited him from transferring any resident without the approval of the temporary manager. It gave the temporary manager full authority to assume the control and management of the day-to-day operations of the care center, including, among other things, total financial control with access to all financial accounts necessary for its operation, although Mr. Clonts, as licensee, and any individual owners would remain responsible for any liability incurred in the operation of the facility. The order placed responsibility for the temporary manager's salary and other employment costs with Mr. Clonts, and set that salary at one hundred ninety-five dollars ($195.00) per hour.[2]

¶4 On July 27, 2004, six working days later, Mr. Clonts filed his appeal from the administrative emergency order in the District Court of Oklahoma County. He assert-ed both substantive and procedural challenges to the validity of the order and to its issuance, and he challenged the applicability of the statutes relied on by the Department to his care facility.

¶5 Defendant State Health Department filed a motion to dismiss the appeal for lack of appellate jurisdiction, contending § 1–1914.2(C) is a statute of repose and that since Mr. Clonts failed to have the court hear the matter within the specified five days, the District Court had no appellate jurisdiction and the appeal should be dismissed. The Department set out the definition of a statute of repose for the trial court but cited no authority in support of its position that this provision is such a statute. On September 29, 2004, the trial court granted the Department's motion and dismissed the appeal, finding the district court lacked appellate jurisdiction because regardless of whether the appeal was timely filed, Mr. Clonts failed to set the matter for hearing within the prescribed five days.

■ ¶6 In this accelerated appeal, Mr. Clonts challenges the correctness of the trial court's judgment of dismissal and argues the appeal was not dismissible because it was filed within thirty days and therefore timely, and § 1–1914.2(C) is not a statute of repose. We agree with Mr. Clonts. First, under all statutes with even possible relevance to the question of timeliness here, he had thirty days to file his administrative appeal. See 63 O.S.2001, § 1–830(C) and (D); 63 O.S.2001, § 1–1943; 63 O.S. Supp.2002, § 1–1914.2(C) and 75 O.S.2001, § 318. Second, § 1–1914.2(C) is not a statute of repose.

■ ¶7 A statute of repose bars a cause of action before it accrues. It "sets an outer boundary in time beyond which no cause of action may arise for conduct that would otherwise be actionable", as opposed to a statute of limitation which disturbs a vested substan-

---

2. On July 20, 2004, the Health Department filed an application in Okfuskee County District Court seeking a temporary injunction and temporary restraining order against Mr. Clonts, commanding him to comply with the administrative emergency order and ordering him to immediately cease and desist operating the care center and not to transfer any resident of the home else-where without permission of the newly appointed temporary manager. The district court granted a temporary restraining order; its subsequent refusal to vacate the restraining order was appealed by Mr. Clonts in case number 101,157, which we dismiss this date because refusal to vacate a temporary restraining order is not an appealable order.

tive right. *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139, 782 P.2d 915, 919. In *Smith v. Westinghouse Elec. Corp.*, 1987 OK 3, 732 P.2d 466, we considered issues concerning the application of a statute of repose, 12 O.S.1981 § 109, which mandates that "No action in tort to recover damages ... for any deficiency in ... design, planning, supervision or observation of construction or construction of an improvement to real property ... shall be brought ... more than ten (10) years after substantial completion of [the] improvement." We observed that existing statutes of repose enacted in the various states appeared to affect claims brought for: (a) products liability; (b) medical malpractice; and (c) defective improvements to real property, and we noted that statutes of repose and statutes of limitation have legal characteristics which are both similar and significantly different from each other. They are similar in that they both give repose to a defendant; but different in that a statute of limitation extinguishes the remedy for an accrued cause of action by putting a limit on the time to bring an action, while a statute of repose restricts liability by barring a cause of action before it accrues. *Id.* at 468, n. 11.

¶ 8 Section 1–1914.2(C), while not a statute of repose, is an obvious reflection of legislative regard for the importance of affording immediate judicial review to one in the position of Mr. Clonts, who has had his property and personal rights taken from him by an ex-parte order of an administrative body. It informs the District Court that appeals for review from such an action are entitled to, and should be afforded, high priority on the court's docket. The trial court's dismissal of this appeal because Mr. Clonts, for whatever reason, did not file it within five days of the Department's action, is contrary to the purpose of this protective provision.

¶ 9 This administrative appeal was timely filed. The district court's dismissal was erroneous and must be reversed. As we are concerned here only with the question of the dismissal, we do not address any issues regarding the merits of the case raised by appellant. The matter is remanded for hearing and consideration of those issues.

¶ 10 ALL JUSTICES CONCUR