WAVELAND DRILLING PARTNERS v. NEW DOMINION



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WAVELAND DRILLING PARTNERS v. NEW DOMINION

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WAVELAND DRILLING PARTNERS v. NEW DOMINION
2019 OK CIV APP 8
435 P.3d 114
Case Number: 115629
Decided: 07/20/2018
Mandate Issued: 02/13/2019
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2019 OK CIV APP 8, 435 P.3d 114

 

WAVELAND DRILLING PARTNERS III-B, LP, WAVELAND RESOURCE PARTNERS II, LP, WAVELAND DRILLING PARTNERS 2011-B, LP, AND WAVELAND DRILLING PARTNERS III-A, LP, Plaintiffs/Appellees,
v.
NEW DOMINION, LLC, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE PATRICIA G. PARRISH, TRIAL JUDGE

AFFIRMED

Jayne Jarnigan Robertson, JAYNE JARNIGAN ROBERTSON, P.C., Oklahoma City, Oklahoma, for Plaintiffs/Appellees,

Billy M. Croll, HARTZOG, CONGER, CARSON & NEVILLE, Oklahoma City, Oklahoma, and
Fred M. Buxton, General Counsel, Tulsa, Oklahoma, and
Stephen Q. Peters, TOMLINS & PETERS, PLLC, Tulsa, Oklahoma, for Defendant/Appellant.

Barbara G. Swinton, Presiding Judge:

¶1 Defendant/Appellant New Dominion, LLC (NDL) appeals from a temporary injunction granted in favor of Plaintiffs/Appellees Waveland Drilling Partners 2011-B, LP, Waveland Drilling Partners III-A, LP, Waveland Drilling Partners III-B, LP, and Waveland Resource Partners II, LP (Waveland) in the District Court for Oklahoma County on December 9, 2016. NDL asserts that it was denied due process by the entry of a temporary injunction without an evidentiary hearing, and that the temporary injunction was improperly granted under the facts presented. We affirm.

BACKGROUND

¶2 Waveland instituted an action against NDL seeking a money judgment and declaratory judgment related to the Restated and Amended Eight East Participation Agreement (Participation Agreement) between the parties. Under the Participation Agreement, the Eight East Participants, who include Waveland, sell gas from wells to the first purchaser of gas, who then remits payment to NDL as contract operator of the wells. NDL is required to remit the gas sales payments to the Eight East Participants, including Waveland, their royalty owners, and the State of Oklahoma for gross production taxes. In July of 2014, NDL was removed as operator of the gathering system by a majority vote of the participants. NDL continues to serve as contract operator of wells under the Participation Agreement, but was notified in January 2016 that its right "to market, collect the revenues from the Gas (including natural gas liquid hydrocarbons and oil separated at the wellhead or collected along the Gathering System) and to distribute the net proceeds therefrom" was terminated by the agreement of a majority of the Participants. NDL was also notified that the parties had agreed that Hunton would take over its obligations. Hunton then began selling condensate collected from the Gathering System to Enerfin. When NDL learned of the agreement with Enerfin, it demanded that Hunton deliver the proceeds received on condensate sales to NDL so that the proceeds could be disbursed to the participants and royalty owners.

¶3 NDL withheld from natural gas proceeds which were held in trust for Waveland $70,000.00, the amount that it estimated due for condensate sales in the month of September 2016. Waveland claimed that NDL then threatened to distribute the $70,000.00 to third parties, including other working interest owners, royalty owners, and the Oklahoma Tax Commission.

¶4 Waveland sought and obtained an emergency ex parte restraining order (TRO) on November 20, 2016, precluding NDL from distributing the amount "offset" from Waveland proceeds and from making further offsets. NDL filed an objection and motion to vacate the TRO, and issued a notice of hearing for November 28, 2016. Hearings were held on November 28, December 2, and December 6, 2016. A temporary injunction was issued in favor of Waveland on December 10, 2016. NDL appeals from this order.

STANDARD OF REVIEW

¶5 An action involving the grant or denial of injunctive relief is equitable in nature. An order granting an injunction will not be reversed unless the trial court abused its discretion or the decision is clearly against the weight of the evidence. Dowell v. Pletcher, 2013 OK 50, ¶ 5, 304 P.3d 457.

ANALYSIS

¶6 NDL argues that it was denied due process below because Waveland failed to give NDL adequate notice of their emergency ex parte motion for temporary restraining order; Waveland's reason for failing to give notice was "contrived"; and the TRO changed the status quo. NDL also argues that it was deprived of due process by entry of the temporary injunction, and that the temporary injunction is unsupported by law or evidence.

Temporary Restraining Order

¶7 NDL first asserts that it was not given adequate notice of the emergency ex parte temporary restraining order, and that Waveland's reason for failing to give notice was insufficient. Waveland argues that NDL's propositions of error relative to the TRO are improperly raised because a TRO is not an appealable order. In its brief, NDL argues that the TRO should be vacated. However, Waveland is correct in its assertion that a temporary restraining order loses its force once a temporary injunction is acted upon by the court. Jennings v. Elliot, 1939 OK 554, 97 P.2d 67. Further, a refusal to vacate a temporary restraining order is not an appealable order. Clonts v. State ex rel., Dept. of Health, 2005 OK 66, ¶ 3 fn. 2, 124 P.3d 224. Accordingly, to the extent that NDL challenges the TRO, or the court's refusal to vacate the TRO, the arguments will not be considered on appeal. 12 O.S. § 993 (A) (2).

Temporary Injunction Hearing

¶8 NDL argues that it was deprived of due process by the entry of the temporary injunction because the only matter pending before the court at the hearing on November 28, 2016 was NDL's motion to vacate. NDL also argues that the court's consideration and entry of a temporary injunction was improper because Waveland never filed a motion for temporary injunction; Waveland argues that its amended petition sought injunctive relief, and that it was not required to file a separate motion for temporary injunction.

¶9 Okla. Stat. Ann. tit. 12, § 1382 provides that when it appears from the petition "that the plaintiff is entitled to the relief demanded, . . . or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render judgment ineffectual, a temporary injunction may be granted to restrain such act." Section 1383 of the same title provides that the injunction "may be granted at the time of commencing the action, or any time afterwards . . . upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto." Although 12 O.S. § 1384.1 (D) provides the procedure for the award of an injunction following the entry of a temporary restraining order, it does not explicitly require that a separate motion be filed. Rather, it sets forth the requirement that a hearing be set at the earliest possible time. Furthermore, the Oklahoma statutes regarding injunctions, 12 O.S. § 1381 et seq., do not contain any provision mandating an evidentiary hearing. It is within the trial court's discretion to determine whether a temporary injunction will be decided on pleadings and affidavits. A hearing on a temporary injunction is not intended to be a full scale hearing on the merits, and the kind of evidence allowed is within the discretion of the court. See Jennings v. Elliot, 1939 OK 554, 97 P.2d 67.

¶10 Waveland requested injunctive relief on its claims in its amended petition. The TRO was issued on November 10, 2016. Following the issuance of the TRO, NDL filed an objection to the emergency TRO, a motion to vacate the TRO, and a notice of hearing on that response was issued by NDL on November 10, 2016 for a November 28 hearing. In its objection, NDL stated that Waveland was not "entitled to the equitable relief of a preliminary injunction," and requested that Waveland's "request for injunctive relief" be denied. At the November 28 hearing, the court announced that the parties were present on the "show cause as to whether a temporary injunction should be entered," as well as NDL's motion to vacate the TRO. No objection was made regarding the type of proceeding or issues before the court on November 28, 2016. The parties returned on December 2, 2016 to discuss whether they had reached an agreed order, and to determine whether the court would make a ruling at that time. Likewise, no objection was made at this hearing. Finally, the parties came before the court for a third time on December 6, 2016 to finalize the issues. The parties indicated that they did not reach an agreement, and the court indicated that it would enter an injunction. NDL objected to the court's procedure at that time. A temporary injunction was entered on December 9, 2016.

¶11 A party who appears and participates in a hearing will not be heard to complain on appeal about the sufficiency of notice. Adoption of D.M.J., 1985 OK 92, 741 P.2d 1386 (overruled on other grounds by Matter of Baby Boy L., 2004 OK 93, 103 P.3d 1099). Further, the function of notice is to state the time, place, and purpose of the hearing to persons entitled to notice so they may attend the hearing and express their views. It must be shown that the person complaining that there was not adequate time to prepare exercised due diligence during the period which he had to prepare. First Nat. Bank v. Oklahoma Sav. and Loan Bd., 1977 OK 171, 569 P.2d 993, 997. NDL issued notice for the November 28, 2016 hearing. The transcript reflects the fact that the court was considering issuing a temporary injunction following the hearing. Although it was not issued at that time, there were two additional hearings on the matter over the span of a week. It was not until the conclusion of the third hearing that NDL raised the issue of adequate notice.

¶12 The trial court's consolidation of the issues was proper under the circumstances. As noted by the Supreme Court in Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 94 S. Ct. 1113, 39 L.Ed.2d 435 (1974):

Situations may arise where the parties, at the time of the hearing on the motion to dissolve the restraining order, find themselves in a position to present their evidence and legal arguments for or against a preliminary injunction. In such circumstances, of course, the court can proceed with the hearing as if it were a hearing on an application for a preliminary injunction.

Of course, it is still the burden of the party seeking injunctive relief to demonstrate that the factors justifying injunctive relief are met. Id. Consolidation of the issues might not be proper where it appears from the record that the parties "are not prepared and do not intend at the hearing on the motion to dissolve or modify the temporary restraining order to present their cases for or against a preliminary injunction." Id.[1]

¶13 We do not find that it was an abuse of the trial court's discretion to consider the issue of a temporary injunction at the November 28, 2016 hearing. Not only did NDL fail to raise the issue at the initial hearing when it was clear that a temporary injunction was being considered by the court, it also had two additional opportunities to either raise the issue, or bring forth additional evidence and/or witnesses to oppose Waveland's request. Furthermore, nothing in the record indicates that Waveland's burden to establish a right to injunctive relief was altered in any way as a result of the procedure.

The Court Did Not Err in Granting a Temporary Injunction

¶14 The purpose of a temporary injunction is to maintain the status quo; however, injunctive relief may also be granted "when the need is urgent and the right is clear." State ex rel. State Highway Commission v. Gillam, 1940 OK 390, 105 P.2d 773, 775. To obtain a temporary injunction, a plaintiff must show that four factors weigh in their favor: 1) the likelihood of success on the merits; 2) irreparable harm to the party seeking the relief if the injunction is denied; 3) their threatened injury outweighs the injury the opposing party will suffer under the injunction; and 4) the injunction is in the public interest. Edwards v. Board of County Commissioners of Canadian County, 2015 OK 58, ¶ 12, 378 P.3d 54. However, pursuant to 60 O.S. §§ 175.57 (B) (2) and (3), a trial court may enjoin a trustee from committing a breach of trust, and may also "compel the trustee to redress a breach of trust by payment of money or otherwise."

¶15 Waveland asserted below that NDL was required, under the Participation Agreement, to establish and maintain a separate account for the sole purpose of maintaining and disbursing revenues to the participants in their proportionate share of revenues. Waveland further asserts that as a custodian and fiduciary of the account for the exclusive benefit of the participants, NDL was not entitled to disburse the funds outside of the terms of the agreement. NDL argued that an injunction would change the status quo because it would allow Hunton to distribute revenue to the Waveland entities instead of NDL. It also argues that Waveland failed to establish a probability of success on the merits and irreparable harm sufficient to warrant injunctive relief.

¶16 The trial court found that if not enjoined, NDL would distribute the revenue payments, as condensate sales proceeds, to the Participants and their royalty owners, and will pay gross production taxes on a $70,000.00 fictional sales amount. If the funds were distributed, the court noted, the owners and the State of Oklahoma would be "grossly overpaid" based upon actual sales at the sole cost of Waveland and to the confusion of all owners and the Oklahoma Tax Commission. The court further noted that these payments would be duplicative of other's payments of actual condensate sales proceeds received. The court ultimately found that Waveland had shown a likelihood of success on the merits, that there would be no harm to NDL if the order was entered, that an injunction is in the public interest and that it is necessary to safeguard Waveland's property from being used, transferred, diverted, distributed, paid or commingled without Waveland's consent and to its detriment, and that if NDL were to pay out the funds, it would be a breach of an express trust which may be enjoined under 60 O.S. § 175.57 without a showing of irreparable harm.

¶17 We disagree with NDL's contention that injunctive relief was improperly granted because it would change the status quo. Instead, as noted in Dusabeck v. Local Bldg. & Loan Assn., 1936 OK 769, 63 P.2d 756, "the status quo which will be preserved by preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly or secretly changed status, though he succeeded in making the change before the chancellor's hand actually reached him." We reject NDL's argument in this regard.

¶18 We next consider NDL's arguments that Waveland failed to show a reasonable probability of success on the merits, and a reasonable probability of irreparable harm. However, we note that NDL has failed to present any argument or authority in support of the contention that there was no showing of a likelihood of success on the merits except for asserting a lack of evidence. NDL has argued that the court's interpretation fails to apply the entire contract, without showing where in the record this is the case. It is not the appellate court's duty to search the record for evidence to support a party's position. In interpreting the Participation Agreement, the court found that NDL proceeds as a fiduciary and in trust for Waveland, and based upon our review of the record, we cannot say that this was an abuse of discretion. See Girdner v. Girdner, 1959 OK 50, 337 P.2d 741; 60 O.S. § 175.6. We also agree with the trial court that NDL may be enjoined pursuant to 60 O.S. § 175.57 without a showing of irreparable harm; this section allows a trial court to enjoin a trustee from committing a breach of trust, as well as compel a trustee to redress a breach of trust by payment of money or otherwise. A statutory basis for injunctive relief is governed by the requirements of the statute, and express statutory language supersedes common-law requirements. 42 Am.Jur.2d § 25. Finally, we note that the court could have relied upon evidence of irreparable harm anyway, due to the complex accounting which would be required if NDL's actions had not been enjoined, the potential for duplicative and incorrect payments to be made, as well as a possibility of having to pursue the numerous transferees who receive the incorrect payments from NDL. See Thompson v. North, 1942 OK 346, 129 P.2d 1011; Margaret Blair Trust v. Blair, 2016 OK CIV PP 47, ¶ 20, 378 P.3d 65.

¶19 Based upon our review of the record, we do not find that the trial court's entry of the temporary injunction was an abuse of discretion or clearly against the weight of the evidence. We therefore AFFIRM the court's order.

¶20 AFFIRMED.

MITCHELL, J., and GOREE, V.C.J., concur.

FOOTNOTES

[1] See also, Anthony v. Barton, 1945 OK 342, 196 Okla. 260, 265, 164 P.2d 642, 646, where the Oklahoma Supreme Court noted that it was within the trial court's discretion to hear more than just the motion to dissolve a temporary restraining order in one hearing by stating: "The court indicated that because of the volume of business and lack of time he was disinclined to hold several hearings in the matter and desired to dispose of it at one hearing. This was within the discretion of the court and no prejudice is shown to have resulted to defendant by such action. The findings and judgment of the court are clearly right and are sustained by the law and the evidence."






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2016 OK CIV APP 47, 378 P.3d 65, THE MARGARET BLAIR TRUST v. BLAIR
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1940 OK 390, 105 P.2d 773, 188 Okla. 10, STATE ex rel. STATE HWY. COMM'N v. GILLAM
Discussed
 1939 OK 554, 97 P.2d 67, 186 Okla. 285, JENNINGS v. ELLIOTT
Discussed at Length
 1936 OK 769, 63 P.2d 756, 178 Okla. 592, DUSBABEK v. LOCAL BLDG. & LOAN ASS'N.
Discussed
 1945 OK 342, 164 P.2d 642, 196 Okla. 260, ANTHONY v. BARTON
Discussed at Length
 1959 OK 50, 337 P.2d 741, GIRDNER v. GIRDNER
Discussed
 2004 OK 93, 103 P.3d 1099, IN THE MATTER OF BABY BOY L.
Discussed
 2005 OK 66, 124 P.3d 224, CLONTS v. STATE ex rel. DEPARTMENT OF HEALTH
Discussed
 2013 OK 50, 304 P.3d 457, DOWELL v. PLETCHER
Discussed
 1977 OK 171, 569 P.2d 993, FIRST NAT. BANK v. OKLAHOMA SAV. & LOAN BD.
Discussed
 2015 OK 58, 378 P.3d 54, EDWARDS v. BOARD OF COUNTY COMMISSIONERS
Discussed
 1942 OK 346, 129 P.2d 1011, 191 Okla. 356, THOMPSON v. NORTH
Discussed
 1985 OK 92, 741 P.2d 1386, Adoption of D.M.J., Matter of
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 993, Appeals from Certain Interlocutory Orders - Undertaking
Cited
 12 O.S. 1381, Injunction
Cited
 12 O.S. 1384.1, Notice to Adverse Party - Temporary Restraining Order - Temporary Injunction
Cited
Title 60. Property
 Cite
Name
Level

 60 O.S. 175.57, Breach of Trust
Discussed at Length
 60 O.S. 175.6, Creation of Trust
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA