## SADDLER et al. v. WATKINS.

No. 22871.   Oct. 16, 1934.

P. A. Chappelle and W. A. Chase, for plaintiffs in error.

B. C. Franklin, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Tulsa county, in favor of the defendant in error, plaintiff in the court below, against the plaintiffs in error, defendants and interveners in that court, with a cross-petition in error by the defendant in error, plaintiff in the court below.

The record discloses that on or about the 20th day of May, 1920, the defendant in error's mother, Ludia Clark, who is his next friend and guardian in this cause, purchased an undivided one-half interest in

and to some lots located in the city of Tulsa, from one Nettie Burton, causing the same to be conveyed to the defendant in error; that one E. I. Saddler, who was an attorney practicing at the Tulsa county bar, was the owner of the other undivided one-half interest therein; that one Henry Watkins, who was a former husband of Ludia Clark and father of the defendant in error herein, Robert Watkins, was charged with the murder of his then wife some time in the fall of 1921; that between the dates of the preliminary hearing had in said criminal cause, wherein he was charged with murder of his wife, and the date the same was set for trial in the district court, and while the said E. I. Saddler was representing the said Henry Watkins therein, the said Henry Watkins petitioned the county court of Tulsa county, Okla., to be appointed guardian of the defendant in error, he being represented in said guardianship proceedings by the said E. I. Saddler; that shortly after being appointed guardian the said Henry Watkins petitioned the county court of Tulsa county for an order of sale of the real estate belonging to his ward, the defendant in error herein, which order was by the court duly entered, and the defendant in error's interest in and to the premises was first sold to the said attorney, E. I. Saddler, the sale being confirmed by the court and a deed was executed by the guardian, Henry Watkins, to his attorney in the criminal case and also in the guardianship proceedings, E. I. Saddler.

That thereafter, and on the 17th day of April, 1922, the county court aforesaid, entered its order setting aside said sale and directing the guardian to readvertise the property, after proper appraisement. The property was again sold under the order of the county court previously entered, and the plaintiff in error, defendant below, Frances L. Saddler, who was the wife of the guardian's attorney, purchased the said property, and a deed was executed to her by the guardian on the 23rd day of February, 1923, the sale to her having been confirmed on the 15th day of May, 1922.

It is also evident from the record that the said E. I. Saddler immediately went into possession of said real estate, even before the sale to himself or his wife had been confirmed, and improved the same by building a house thereon, the evidence of the value of the improvements being conflicting and ranging anywhere from $1,200 to $2,200, and that during the time the said E. I. Saddler was in possession of said property, and up to the time of this action, he had collected the rents from said property,

the amount thereof ranging from $30 to $65 per month during said period. However, the evidence on the amount of the rents collected being very meager and insufficient to arrive at any definite conclusion as to the amount actually collected.

The record further discloses that the guardian, Henry Watkins, died before he was brought to trial in the district court and before he had ever made any accounting in the guardianship proceedings, and that the ward never received any benefits from the sale of the property. Too, that the guardian did not comply with the order of the court and make the additional bond

That the plaintiff in error, Frances L. Saddler, was present in court, but did not required on the sale of the real estate. testify.

The defendant in error brought suit in the district court of Tulsa county seeking the cancellation of the aforesaid guardian's deed to Frances L. Saddler, also an accounting for the rents and profits taken from said premises, and to have the said real estate partitioned, also treble damages for the wrongful use and occupation thereof in the sum of $10,000. The cause was tried to the court and judgment was rendered in favor of the defendant in error, canceling said deed and decreeing that the defendant in error owned an undivided one-half interest in and to the property, and that Frances L. Saddler, or the estate of E. I. Saddler, deceased, was entitled to an undivided one-half interest therein. ordering that the same be partitioned, the trial court finding that the guardian's sale to Frances L. Saddler was irregular and the consideration for the execution of the said deed was never paid and the sale was void. Also, that the improvements placed on the property by the said E. I. Saddler and Frances L. Saddler were counterbalanced by the use and occupation of the premises by the said Frances L. Saddler and E. I. Saddler, and the rents and profits they took therefrom, and that the defendant in error should be charged with one-half of the taxes paid by the said E. I. Saddler, amounting to $267.41, and rendering judgment accordingly.

The plaintiffs in error make eight assignments of error in this cause as follows:

(1) That the said court erred in overruling the motion of plaintiffs in error for a new trial.

(2) That the court erred in not rendering judgment for the plaintiffs in error at the close of the testimony.

(3) That said court erred in overruling the demurrer of the plaintiffs in error at the close of all the testimony offered in the case on behalf of the plaintiff below, defendant in error.

(4) That the court erred in admitting incompetent, irrelevant, and immaterial testimony offered on behalf of the plaintiff below, defendant in error in this court.

(5) That said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiffs in error, defendants below.

(6) That the said court erred in overruling the objections of the defendants and interveners below, plaintiffs in error in this court, to the introduction of any testimony, on the grounds that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff below, defendant in error herein, and against the defendants and interveners below, the plaintiffs in error herein.

(7) The court erred in overruling the demurrer of the defendants and interveners to the testimony of the plaintiff at the close of the testimony of both plaintiff and defendants herein.

(8) The court erred in not rendering judgment for the defendants in the court below, plaintiffs in error herein.

The defendant in error, in his cross-petition filed herein, makes seven assignments of error, namely:

(1) That said judgment was clearly against the law in a case of this kind; and against the well established principles of equity.

(2) That the court erred in refusing to find specifically or generally that the guardian deeds herein were obtained by fraud practiced upon the county court and by overreaching the court, and that they were without consideration and were void.

(3) That the court erred in not rendering judgment in triple damages for the rents and profits taken from said premises.

(4) That the court erred in not rendering judgment for an accounting for the rents and profits taken from said premises between the years of 1922 and 1930.

(5) That the court erred in not admitting certain evidence offered by Ludia Clark regarding a conversation had between her and E. I. Saddler concerning the property involved herein.

(6) For other errors of law occurring during the progress of the trial in the court below and to which defendant in error excepted.

(7) That the court erred in overruling defendant in error's motion for a new trial.

We are of the opinion that none of these assignments of error possess any merit.

The plaintiffs in error rest their case mainly upon the sufficiency of the evidence, contending in their brief that the evidence on the part of the defendant in error was wholly insufficient to establish fraud. There would have been some merit in this contention had the land not been sold first to the attorney for the guardian and later to the wife of the attorney for the guardian, but, since such was done, and under the facts and circumstances existing in this case, we are of the opinion that the rule laid down by this court in the case of Harrison et al. v. Reed et al., 154 Okla. 39, 6 P. (2d) 700, is applicable hereto. The burden of proving utmost good faith and fairness in the transaction, and that an adequate consideration was paid for the property, is incumbent upon the plaintiffs in error.

One of the plaintiffs in error, Frances L. Saddler, was possibly the only person living who could give the actual facts surrounding the transaction, and show the payment of an adequate consideration and that the proper spirit of fairness prevaded the dealings with the guardian, if such was actually the case, but she chose to remain silent, and where it lies within the power of a party to an action to produce evidence upon an issue and the party fails to produce such evidence, the presumption follows that if the same was produced it would be unfavorable to the cause of the party, as was held in the case of Harrison et al. v. Reed et al., supra.

The facts are sufficient in this case to raise the presumption that fraud was actually perpetrated upon the defendant in error's rights when the guardian's deed to his property was executed to the plaintiff in error, Frances L. Saddler, and the burden was upon her to show that such fraud did not exist.

Therefore, we are of the opinion that since no explanation was given of the transaction and no evidence of good faith introduced, the evidence is sufficient to support the judgment of the court canceling the deed, and since the deed was subject to cancellation, it would naturally follow that the defendant in error was entitled to the other relief granted.

The defendant in error contends that the court erred in excluding evidence offered by him in the court below, and that there is no evidence in the record to support the judgment rendered by the trial court, and that the court erred in refusing to compel the defendants to render an account to the plaintiff for rents and profits taken from the premises for the years from 1922 to 1930, inclusive; also in not rendering judgment in his favor for the treble damages for the use and occupation of the premises and in charging him with half of the taxes paid on the property.

With these contentions we cannot agree. Even if the trial court had admitted the evidence that the plaintiff complains of was excluded, he could not have arrived at any more favorable judgment in behalf of the defendant in error, and such error would therefore be harmless if committed. Section 9993, O. S. 1931, on which the defendant relies for treble damages, is not applicable hereto. No such rights exist under the facts proven. The evidence of the rents and profits accruing from the premises during the said years is very meager and insufficient from which to base an accounting, but sufficient from which the court might have found some amount, the evidence of the value of the improvements placed on said premises being in conflict, and since this is an equitable action and the court is not limited to the relief provided by statute for wrongful occupation of the premises, as this court held in Richards v. Lowery, 135 Okla. 243, 275 P. 335, it is evident that the trial court has rendered about the only fair and equitable judgment, under the facts proven, that could have been rendered, and we are of the opinion that such judgment was not error, and the same is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys F. R. Blosser, E. J. Meacham, and Jess C. Wesner, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blosser and approved by Mr. Meacham and Mr. Wesner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, was adopted.