CROW et ux. v. DAVIDSON.

*96 P. 2d 70.*

No. 28993.  Nov. 21, 1939.

Carl Kruse, of Enid, for plaintiffs in error.

Tom E. Willis and A. O. Manning, both of Fairview, for defendant in error.

BAYLESS, C. J. Frank Crow and Mrs. Frank Crow appeal from a judgment in favor of J. F. Davidson.

Davidson, as plaintiff, brought the action to recover damages alleged to have been suffered when defendants evicted him from the land leased by them to him, and thereafter excluded him by force. His elements of damages were (1) the loss of the two-year lease; and (2) the loss of certain growing crops that defendants destroyed, and the loss of certain items of personal property alleged to have been converted by the defendants. His theory was that because his eviction and exclusion were forcible, and that under section 9993, O. S. 1931, 23 Okla. St. Ann. § 71, he was entitled to have his damages trebled.

Defendants present three assignments of error: (1) The erroneous admission of incompetent evidence; (2) the giving of an erroneous instruction, and (3) there is no competent evidence to support the judgment.

Under (1) it is argued that the only evidence in the record relating to the value of the crops that were destroyed is that of Adamson, and this evidence was not on a proper legal basis. The questions put to this witness, who was an expert, read: "* * * do you know about what the fair cash value from an acre or per acre of watermelons in the year 1937, if they were properly tended?" and, "About what would watermelons make per acre if they were properly tended in the year 1937?" To these he answered, over objections: "About $40 an acre." Under the decisions of this court these questions did not contain the elements essential to establish the value of growing crops as of the time they were destroyed. Chicago, R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 P. 662; Garrett v. Haworth, 183 Okla. 569, 83 P. 2d 822, and other cases cited in those opinions. The test is the value of the crops at the time of destruction, established by deducting from their value as matured salable crops certain elements of expense relating to their planting, cultivation, harvesting, and sale. The particular questions asked did not express or imply these elements, and the answer did not purport to consider them. There is considerable evidence respecting the extent of the crops planted, the manner in which plaintiff cultivated them, and there are some estimates as to the expected yield; but, except for the previous estimated value of the melons, there is no competent evidence of the loss sustained by the destruction of the crops.

The argument under assignment 3 again discusses the lack of evidence on this point. It is pointed out therein that there is no competent evidence of the loss sustained.

Under (3) the defendants point out wherein the plaintiff's evidence does establish certain items of loss with sufficient definiteness to support a verdict within reasonable limits of the evidence, but, as suggested, they were entitled to

an offset against any judgment rendered against them to the extent of the note sued upon in their cross-petition and admitted by plaintiff, and it is difficult to reconcile the verdict with the evidence, unless it be conceded that the jury made an allowance for damage to the crops as to which there was no proper evidence; or the jury allowed treble damages. We think there is merit in this contention, considering the judgment to which defendants were entitled on the note, the verdict in favor of plaintiffs is far in excess of any proof of damages, and can only be accounted for upon one of the two assumptions mentioned by the defendants. Based upon what we have already said, the verdict and judgment cannot be sustained upon the evidence.

We now consider assignment 2. This relates to the issue of whether treble damages could be allowed plaintiff, as provided by section 9993, O. S. 1931, 23 Okla. St. Ann. § 71, under the record. The bulk of the defendants' argument hereunder goes to the correctness of instructions 8 and 9.

Defendants contend that it is necessary to plead the statute, and further to plead explicitly that treble damages are being sought; and that the plaintiff's petition, and likewise his evidence, wholly fails in this respect. We decline to pass upon this issue at this time, owing to the failure of defendants to attack the sufficiency of plaintiff's petition in this respect in the lower court. We are reversing the judgment on other grounds, and it is not necessary to discuss the point. When the case is remanded to the trial court for further proceedings, the trial judge can decide the matter if it is properly called to his attention.

Under (2) complaint is made of the giving of instructions 8 and 9. These instructions covered the issue of treble damages which plaintiff asserts he was entitled to under the provisions of section 9993, O. S. 1931, 23 Okla. St. Ann. § 71, reading:

"For forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of."

The instructions read:

"Gentlemen of the jury, you are instructed that if you find and believe from a fair preponderance of the evidence that the plaintiff was wrongfully ejected or evicted from the possession of the premises on which he had growing crops, by the defendants, and that the defendants took possession of said crops, and thereafter either destroyed or converted said crops to their own use, that then and in that event the plaintiff is entitled to recover damages against the said defendants in the sum three times the amount you may find would justly compensate the plaintiff, not to exceed, however, the amount prayed for in plaintiff's petition."

"Gentlemen of the jury, the court instructs you that if you find and believe from a fair preponderance of the evidence that the plaintiff entered into an agreement with the defendant, wherein and whereby he was to have the use and benefits of certain land belonging to the defendant and that after the said plaintiff had entered into possession thereof and had cultivated and seeded the land, that then the defendant ejected the plaintiff from the possession thereof and assumed control of said property, or permitted the same to be destroyed by his stock, or denied the plaintiff the right to properly cultivate and care for said crops, that then, and in that event, the defendant would be liable to the plaintiff in three times the amount of the fair cash value of the crops had they been allowed to mature, and you should so find by your verdict."

Three objections to the correctness of these instructions are stated in the defendants' brief, but we will notice only the first because our decision to reverse the judgment dispenses with the others owing to the fact they arise wholly out of the record of the trial already had and may not be repeated in a future trial.

Objection (a) reads: "In neither instruction does the element of force meet that called for by the act."

It will be noticed that No. 8 uses the language "was wrongfully ejected or

evicted," and No. 9 uses the language "that the defendant ejected the plaintiff."

No. 9 is clearly erroneous, for it attempts to allow plaintiff to recover treble damages for "ejection" alone. It is obvious that the statute quoted was not designed to allow treble damages for every ejection. The statute uses this language: "forcibly ejecting."

No. 8 is likewise objectionable. The language is that a wrongful ejection or eviction is to be compensated by treble damages. In some of our opinions on this issue the ejection or eviction by force is referred to as wrongful. Saddler v. Watkins, 169 Okla. 279, 36 P. 2d 760, and Sanders v. Cline, 22 Okla. 154, 101 P. 267. Unless careful consideration is given to the use of these terms "forcibly" and "wrongfully," they will be confused as in instruction No. 8 in this case. The use of force to eject or exclude a person from the possession of real estate is wrongful, but it is not every wrongful ejection or exclusion from the possession of real estate that is forcible. It may be stated that there exists a remedy for the wrongful ejection or exclusion from the possession of real estate in the nature of an action for damages actually suffered. But section 9993, supra, goes beyond the allowance of actual damages and authorizes the trebling of the actual damages, but only for "forcibly ejecting or excluding."

The term "forcibly ejected or excluded" has been construed in similar statutes to mean force of an unusual kind which tends to bring about a breach of the peace, such as an injury with a strong arm, or a multitude of people, or in a riotous manner, or with personal violence, or with threat or menace to life or limb, or under circumstances which would naturally inspire fear. Fults v. Munro, 202 N. Y. 34, 95 N. E. 23, 37 L. R. A. (N. S.) 600, Ann. Cas. 1912D, 870; Words and Phrases (2d Ser.) p. 605.

The reason the use of force to obtain or keep possession of real estate is condemned is stated by this court in Sanders v. Cline, supra, in the language of Cooley on Torts (3rd Ed.) vol. 2, sec. 380:

"Whoever assumes to make such an entry makes himself judge in his own cause, and enforces his own judgment. He does this by the employment of force against a peaceable party. As the other party must have an equal right to judge his own cause, and to employ force in giving effect to his judgment, a breach of the public peace would be invited, and any wrong, if redressed at all, would be redressed at the cost of a public disturbance, and perhaps of serious bodily injury to the parties."

We see why the statute is penal in its effect, and since it is penal, it must be strictly construed. W. U. Tel. Co. v. Coyle, 24 Okla. 740, 104 P. 367. It cannot be enlarged by construction by the courts.

Therefore an instruction that treble damages provided under section 9993, supra, may be recovered for wrongful ejection without further adding the element of force in the substantial language of the section is erroneous; and much more so is an instruction that permits the recovery of such penal damages for mere ejection or eviction without any element of wrong or force.

The plaintiff argues with respect to these instructions as follows:

"With reference to objection (a) as to these instructions, we desire to say that the court could have made the instructions much stronger than they were in view of the following testimony. * * *"

Then followed testimony relating to the use of force to exclude plaintiff from possession. We think plaintiff misconceives the purport of defendants' contention. The defendants' contention was not that the trial judge could have made the instructions stronger by including the element of force, but that the court should have done so. We agree.

The judgment is reversed.

OSBORN, GIBSON, HURST, and DANNER, JJ., concur.