2013 OK 50

Jerry DOWELL, d/b/a Jerry Dowell Bail Bonding Company, International Fidelity Insurance Company, Allegheny Casualty Company, American Surety Company, Accredited Surety & Casualty Company, Inc. and Lexington National Insurance Corporation, Plaintiffs/Appellants,

v.

Curt PLETCHER d/b/a Action Bail Bonds, Defendant/Appellee,

v.

The Court Clerk of Oklahoma County, Patricia Presley, Defendant.

No. 110,774.

Supreme Court of Oklahoma.

June 25, 2013.

As Corrected July 15, 2013.

Mark T. Hamby, P. Gae Widdows and Katherine R. Morelli, Bonham & Howard, P.L.L.C., Tulsa, Oklahoma, for the appellants.

Fourth Scoufos, Sallisaw, Oklahoma and Sharon K. Weaver, Riggs Abney Neal Turpen Orbison & Lewis, Inc., Tulsa, Oklahoma, for the appellee.

EDMONDSON, J.

¶1 Appellants are a licensed bail bondsman and several insurance companies that issue bail bonds who complain that the defendant, Curt Pletcher, a registered professional bail bondsman in Tulsa County, is violating the Ten Bond Rule, 59 O.S.2011 § 1320(B), of the Oklahoma Bail Bondsmen Act by using a surety bondsman to write more than ten

bonds per year in Oklahoma County. The "Ten Bond Rule" provides, in pertinent part:

> No bail bondsman shall become a surety on any undertaking unless he has first registered his license in the office of the sheriff and with the clerk of the district court in the county in which the bondsman resides or offices, but not both.... Notwithstanding the foregoing provisions of this section, a bondsman may write bonds on no more than ten defendants per year in each of the remaining seventy-six counties of this state in which the bondsman cannot register his license.

¶ 2 In *Surety Bail Bondsmen v. Insurance Commissioner,* 2010 OK 73, 243 P.3d 1177, 1185, this Court held that § 1320(B) limits a professional bondsman to writing bonds on no more than ten defendants a year in a county in which the professional bondsman is not registered and a bondsman cannot avoid the rule by delegating the power to a surety bondsman. The appellants maintain that Pletcher is violating *Surety Bail Bondsmen* by using a surety to write more than ten (10) bonds per year in Oklahoma County. They argue that after he has written bonds on ten defendants in one year, whether directly or through a surety bondsman, all bonds issued thereafter in Oklahoma County are illegal. The appellants sued Pletcher for damages for violations of the Deceptive Trade Practices Act, the Oklahoma Antitrust Reform Act and for engaging in unfair competition that has caused them to lose business.

¶ 3 Pletcher filed a motion to dismiss on the ground that the petition failed to state a claim because the Ten Bond Rule was held to be unconstitutional by District Judge Jeff Payton in Sequoyah County.[1] Judge Payton enjoined the Insurance Commissioner from enforcing the Ten Bond Rule. Pletcher argues that because the statute has been declared unconstitutional and an injunction entered against the Insurance Commissioner, the Ten Bond Rule cannot be enforced against him.[2] The appellants argue that the Sequoyah County case is not binding on the Oklahoma County District Court because it did not involve any of the same parties and the decision was not appealed. The trial judge denied Pletcher's motion to dismiss.

¶ 4 The appellants also sought temporary and permanent injunctions to enjoin Pletcher from continuing to write bonds in Oklahoma County in violation of the Ten Bond Rule, arguing that they are being irreparably harmed. The trial judge denied appellants' motion for temporary injunction and directed the parties to brief: 1) the constitutionality of 59 O.S. § 1320(B); 2) the effect of Judge Payton's ruling on his decision; and 3) whether the Insurance Commissioner is a necessary party to the action.[3] Appellants appealed the order denying temporary injunction pursuant to Rule 1.60(c), Okla. Sup. Ct. Rules.[4] We granted the appellants' motion to retain the appeal. Curt Pletcher filed a motion to dismiss the appeal and the motion is denied.[5]

---

1. Case No. CJ–2010–291 in the District Court of Sequoyah County, *Rick L. Doherty v. Raymond L. Merrill d/b/a Merrill Bonding Company v. State of Oklahoma ex rel. Oklahoma Department of Insurance and Kim Holland, Oklahoma State Insurance Commissioner.* By order entered March 8, 2011, the Hon. Jeff Payton held the Ten Bond Rule unconstitutional. The trial judge found that constitutionality of the Ten Bond Rule was neither presented nor decided in *Surety Bondsmen.*

2. He argues that the appellants lack standing because the Insurance Commissioner is the only authority for enforcement of the Ten Bond Rule and he has been permanently enjoined from enforcing it.

3. The Attorney General's office declined to participate in this case. The trial judge directed the parties to renotice the Attorney General's office and also to determine whether the Attorney General had represented the Insurance Commissioner in the Sequoyah County case.

4. **Rule 1.60. Definition of interlocutory orders appealable by right.**

   Orders of the district court that are interlocutory and may be appealed by right in compliance with the rules in this part are those that:
   * * *
   (c) Deny a temporary injunction, grant a temporary injunction....

5. Pletcher moved to dismiss the appeal, asserting that the appellants lacked standing to bring a private action for enforcement of the Bail Bondsmen Act. The appellants do not seek to enforce the Ten Bond Rule. They seek damages for tortious interference with their business.

¶5 Matters involving the grant or denial of injunctive relief are of equitable concern. A judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the lower court has abused its discretion or the decision is clearly against the weight of the evidence. *Sharp v. 251st Street Landfill, Inc.*, 1996 OK 109, 925 P.2d 546. This Court will consider all the evidence on appeal to determine whether the trial court's denial of a temporary injunction was an abuse of discretion.[6]

¶6 Injunction is an extraordinary remedy and relief by this means should not be granted lightly. Equity courts exercise discretionary power in granting or withholding extraordinary remedies, particularly where injunctive relief is sought, and its granting rests in the sound discretion of the court to be exercised in accordance with equitable principles and in light of all circumstances. *Cloer v. Gillespie*, 1963 OK 195, 386 P.2d 1015.

¶7 To obtain a preliminary injunction, a plaintiff must show that four factors weigh in his favor: 1) the likelihood of success on the merits; 2) irreparable harm to the party seeking injunction relief if the injunction is denied; 3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and 4) the injunction is in the public interest. *Daffin v. State ex rel. Oklahoma Dept. of Mines*, 2011 OK 22, 251 P.3d 741. The right to injunctive relief must be established by clear and convincing evidence and the nature of the injury must not be nominal, theoretical or speculative. *Sharp v. 251st Street Landfill, Inc.*, 1996 OK 109, 925 P.2d 546.

¶8 Pletcher argues that appellants failed to show that they are entitled to injunctive relief because there is no evidence that he deprived any of the appellants from writing any bonds. The appellants contend that Pletcher's violation of the Ten Bond Rule "stole business from them" and that an injunction would mitigate their damages. Appellants argue that the status quo is in vio-

lation of this Court's opinion in *Surety Bondsmen* and should not be preserved. The trial judge took into account that the Commissioner's interpretation of the Ten Bond Rule prior to *Surety Bondsmen* had been followed for the majority of the lifetime of the rule and that the rule has since been declared unconstitutional by an Oklahoma district court.

¶9 The trial judge took the four factors into consideration before denying the request for a temporary injunction. He considered the irreparable harm to the appellants if the injunction were denied as well as the irreparable harm to Pletcher if the injunction were granted. Observing that it has been only for a short period of time that those in Pletcher's position have not been writing these bonds, the trial judge concluded that the economic impact on Pletcher would be more severe.

¶10 The trial judge referred to the likelihood of success on the merits as his most important consideration. While noting that *Surety Bondsmen* interpreted the Ten Bond Rule in appellants' favor, he also was faced with the statute having being declared unconstitutional by a judge who had the facts and evidence before him. He placed the likelihood of appellants' success on the merits as, at best, fifty percent. He stated:

> "So, on the issue of success on the merits, I mean, at best we're talking 50 percent. We certainly ain't getting further than that when I have another judge addressing that issue and finding that it's an unconstitutional statute." Tr. p. 28.

¶11 The trial court recognized that it is in the public interest to get the matter straightened out, but he did not believe that an injunction was the way to do so. He directed the parties to brief the constitutionality of the statute, the effect of Judge Payton's ruling and whether the Insurance Commissioner is a necessary party. He advised the parties that in order to consider constitution-

---

6. The sole issue presented by the appeal is whether the trial court abused his discretion in denying the request for temporary injunction. The trial judge has not yet determined whether the statute is constitutional, whether Judge Payton's ruling is binding on him or whether the Insurance Commissioner is a necessary party.

ality he wanted a record made for this Court's review. This reflects his intention to decide the issue of constitutionality of the Ten Bond Rule before determining the appropriateness of injunctive relief.[7]

¶ 12 The issue of the constitutionality of the Ten Bond Rule is pending before the trial court. The trial judge has preserved the status quo pending his ruling on that issue, and at that time he can determine the appropriateness of an injunction. We find that the trial judge did not abuse his discretion in denying a temporary injunction to enforce the statute.

AFFIRMED.

¶ 13 ALL JUSTICES CONCUR.

---

7. The trial judge stated that the next step would be an evidentiary hearing or motion for summary judgment. He directed the parties to address whether facts are needed to make the decision on constitutionality, whether the decision can be based on existing law and, if so, what particular facts would be needed to make that determination. Tr. p. 33.