OSCN Found Document:AUTUMN WOOD FARMS, LLC v. BYNUM

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AUTUMN WOOD FARMS, LLC v. BYNUM
2015 OK CIV APP 90
Case Number: 112676
Decided: 09/28/2015
Mandate Issued: 11/04/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 90, __ P.3d __

 

AUTUMN WOOD FARMS, LLC, Plaintiff/Appellee,
v.
JAMAR C. BYNUM, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
LOGAN COUNTY, OKLAHOMA

HONORABLE PHILLIP C. CORLEY, JUDGE

REVERSED AND MODIFIED

Kenneth R. Massey, MILBURN & MASSEY, Shawnee, Oklahoma, for Plaintiff/Appellee,
Jack S. Dawson, Amy L. Alden, Andrea R. Rust, MILLER DOLLARHIDE, Oklahoma City, Oklahoma, for Defendant/Appellant.

Bay Mitchell, Presiding Judge:

¶1 Defendant/Appellant Jamar C. Bynum (Bynum) appeals from the trial court's Order finding Plaintiff/Appellee Autumn Wood Farms, LLC (Autumn Wood) had a valid easement to access its property by using a driveway crossing Bynum's property. The trial court granted Autumn Wood a permanent injunction barring Bynum from restricting Autumn Wood's use of the driveway. The court awarded "nominal damages" of $1,000 and treble damages of $3,000. On appeal, Bynum claims the trial court erred by awarding injunctive relief because Autumn Wood failed to prove by clear and convincing evidence there was a reasonable probability she would restrict easement access in the future. She also challenges the court's damages award. We hold the court abused its discretion by ordering the permanent injunction and erred as a matter of law in its damages award.

¶2 The Milburn Irrevocable Descendants Trust (the Trust) and Freda B. Gambill (Gambill) owned two adjoining pieces of real property in Logan County. In 2004, the Trust entered into an agreement with Gambill for a driveway easement over Gambill's property where the two properties joined. The easement was recorded with the county clerk. In October 2004, Autumn Wood purchased real property from the Trust and became entitled to use the easement. In 2011, Bynum purchased Gambill's property. Bynum claimed she was unaware of the easement when she purchased the property.

¶3 In early April, Bynum was on a business trip when her roommate called, informed her there was someone on the property, and asked whether she was expecting someone. She replied that she was not expecting anyone, and upon her return, she erected a gate with a lock, blocking Autumn Wood's use of the driveway to access its property. One side of the gate was attached to a wooden post on Autumn Wood's property. By letter, Autumn Wood informed Bynum of its right to use the driveway and asked her to remove the gate. Bynum's response requested a copy of the easement or information that would allow her to research the issue. The gate remained in place until April 21, when Autumn Wood cut down the gate with the sheriff's assistance. Since that time, Autumn Wood has had no further difficulty using the driveway to access its property.

¶4 Autumn Wood commenced the instant action seeking injunctive relief and damages. After a non-jury trial, the court found the existence of a valid easement, that Bynum had actual and constructive knowledge of the easement, and that there was sufficient evidence showing Bynum was guilty of trespass. The court granted Autumn Wood a permanent injunction barring Bynum "from blocking the subject driveway easement." The court also awarded Autumn Wood $1,000 in "nominal damages" and trebled the damages pursuant to 23 O.S. 2011 §71, for a total of $4,000 in damages.

¶5 The award of a permanent injunction is a matter of equitable concern. Dowell v. Pletcher, 2013 OK 50, ¶5, 304 P.3d 457, 460. Further, an injunction is an extraordinary remedy that should not be lightly granted. Id., ¶6. Entitlement to injunctive relief must be established in the trial court by clear and convincing evidence and the nature of the complained of injury must not be nominal, theoretical or speculative. Id., ¶7 (citation omitted). "There must be a reasonable probability that the injury sought to be prevented will be done if no injunction is issued -- a mere fear or apprehension of injury will not be sufficient." House of Realty, Inc. v. City of Midwest City, 2004 OK 97, ¶11, 109 P.3d 314, 318 (citation omitted). Granting or denying injunctive relief is generally within the sound discretion of the trial court, and a judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the lower court has abused its discretion. Johnson v. Ward, 1975 OK 129, ¶42, 541 P.2d 182, 188.

¶6 Bynum claims the court erred by awarding permanent injunctive relief because Autumn Wood failed to provide clear and convincing evidence that she would restrict access to the driveway again. We agree. The record shows the gate remained in place for approximately three weeks before Autumn Wood removed it. Autumn Wood presented no evidence that Bynum attempted to block access to the drive after the removal of the gate, nor any evidence that she would do so in the future. Autumn Wood contends that, because Bynum installed a locked gate in the past, the court was justified in concluding there was a reasonable probability Bynum would prevent access again. However, Autumn Wood was required to show more than past harm; at best, it merely established a "fear or apprehension" the injury would occur again. House of Realty, Inc., 2004 OK 97, ¶11, 109 P.3d at 318. The evidence presented was not sufficient to merit injunctive relief, and the court abused its discretion by ordering a permanent injunction.

¶7 Bynum next claims the trial court erroneously trebled the nominal damages award pursuant to 23 O.S. 2011 §71.[1] Section 71 provides "For forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of." Bynum claims application of §71 is legally inconsistent with an award of only nominal damages.

¶8 This contention has merit. Section 71 is a penal statute and, therefore, must be strictly construed. Crow v. Davidson, 1939 OK 503, ¶18, 96 P.2d 70, 72. Further, "[w]here the language of a statute is clear and unambiguous, the language will be given its plain meaning." Humphries v. Lewis, 2003 OK 12, ¶7, 67 P.3d 333, 335. Section 71 allows trebling of the "detriment" caused by a forcible ejection or exclusion from real property. See 23 O.S. 2011 §71. "Detriment" is defined in 23 O.S. 2011 §4 as "a loss or harm suffered in person or property." By awarding only nominal damages, however, the court impliedly found that no appreciable detriment occurred. See 12 O.S. 2011 §98 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."[2]) (emphasis added). Because there was no appreciable or actual detriment or damage shown, the right to treble damages under §71 did not exist. We hold that, as a matter of law, nominal damages may not be trebled under §71.

¶9 We also find the court erred by awarding $1,000 in nominal damages. In Moyer v. Cordell, 1951 OK 32, 228 P.2d 645, the plaintiff sought to recover losses sustained from his wrongful arrest and the unwarranted closing of his business. The plaintiff produced no evidence from which actual damages could be ascertained. Id., ¶10, 228 P.2d at 648. The jury, however, awarded $105 in actual damages. Id. The Supreme Court held that only nominal damages were justified and rejected the plaintiff's argument that $105 was an appropriate nominal award:

Plaintiff urges that $105 in itself is nominal damages, but the authorities are to the contrary. Price v. McComish, 22 Cal.App.2d 92, 70 P.2d 978. As stated in 15 Am.Jur. p. 392, section 5, $1 is the amount usually adjudged where only nominal damages are allowed, and $100 or more does not come within the definition of nominal damages. The trial court on this count should have awarded plaintiff nominal damages in the sum of $1.

Id. A review of Oklahoma case law shows that $1.00 is typically the amount awarded as nominal damages. See, e.g., Stites v. Duit Const. Co., Inc., 1999 OK CIV APP 113, ¶6, 992 P.2d 913, 915; Tax/Invs. Concepts, Inc. v. McLaughlin, 1982 OK 134, ¶13, 670 P.2d 981, 984. We hold that, as a matter of law, $1,000 is not a proper nominal damages award. Accordingly, we modify the nominal damage award in this case to $1.00.

¶10 REVERSED AND MODIFIED.

HETHERINGTON, C.J., and JOPLIN, J., concur.

FOOTNOTES

[1] "Statutory construction presents a question of law. Questions of law are reviewed by a de novo standard. Under this standard, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its legal ruling." Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841, 845 (citations omitted).

[2] "Appreciable" is defined as "capable of being perceived or measured." Webster's Ninth New Collegiate Dictionary 92 (1986). See also Black's Law Dictionary 117 (9th ed. 2009).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1999 OK CIV APP 113, 992 P.2d 913, 70 OBJ 3781, Stites v. Duit Construction Co.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1939 OK 503, 96 P.2d 70, 186 Okla. 84, CROW v. DAVIDSON
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2004 OK 97, 109 P.3d 314, HOUSE OF REALTY, INC. v. CITY OF MIDWEST CITY
Discussed at Length
 1975 OK 129, 541 P.2d 182, JOHNSON v. WARD
Discussed
 2013 OK 50, 304 P.3d 457, DOWELL v. PLETCHER
Discussed
 1982 OK 134, 670 P.2d 981, Tax/Investments Concepts, Inc. v. McLaughlin
Discussed
 1951 OK 32, 228 P.2d 645, 204 Okla. 255, MOYER v. CORDELL
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 98, Absence or Flight of Defendant - Effect of Other Laws
Cited
Title 23. Damages
 Cite
Name
Level

 23 O.S. 4, Definition of Detriment
Cited
 23 O.S. 71, Measure of Damages for Forcible Ejection or Exclusion from Real Property
Discussed at Length