OSCN Found Document:IN THE MATTER OF THE ESTATE OF FORESEE

 

 
 

 
 IN THE MATTER OF THE ESTATE OF FORESEE
2020 OK 88
Case Number: 118599
Decided: 10/13/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 88, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE ESTATE OF THOMAS ALLEN FORESEE
DAYNA FORESEE, Respondent/Appellant,
v.
JEREMY FORESEE, JACIE MICHELLE COOK Petitioners/Appellees.
APPEAL FROM THE DISTRICT COURT
OF MCINTOSH COUNTY, STATE OF OKLAHOMA,
HONORABLE BRIAN MCLAUGHLIN
Â¶0 A dispute concerning control over a deceased individual's remains arose between the surviving spouse and two of the parties' adult children named as co-personal representatives of estate. The trial court ruled the decedent's last will and testament sufficiently vested power over his remains in the named personal representatives, citing 21 O.S. 2011 Â§Â§ 1151(B) and 1158(2). The Court retained this appeal as a question of first impression and affirm the trial court's ruling in part. We hold the will did not expressly assign authority over the remains such that it satisfied the requirements of Â§ 1151(B); however, the personal representatives did have priority over the body according to Â§ 1158(2). As such, the trial court properly denied surviving spouse's request for a temporary injunction.
TRIAL COURT ORDER DENYING TEMPORARY INJUNCTION AFFIRMED ON OTHER GROUNDS.
Brian J. Nowline and Raymond E. Penny, Jr., HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Oklahoma City, OK, for Appellant
James R. Pratt and Teresa G. Pratt, PRATT LAW OFFICES, P.C., Eufaula, OK, for Appellees
GURICH, C.J. 
Facts & Procedural History
[1]
Â¶
1 Dayna Foresee (Dayna) and Thomas Allen Foresee (Decedent) were married for thirty-nine years. Although the record is unclear as to precisely when the parties separated, Dayna moved out of the parties' marital residence in Eufaula and filed a divorce proceeding in Tulsa County on July 17, 2019.[2]
Â¶2 Decedent had been diagnosed with amyotrophic lateral sclerosis (Lou Gehrig's disease). On December 31, 2019, he executed an instrument entitled Last Will and Testament, naming two of the parties' children, Jeremy Foresee and Jacie Michelle Cook (collectively Appellees), to serve as co-personal representatives. Further, the will expressly excluded Dayna from taking anything from Decedent's estate.
[3] Decedent passed away from Lou Gehrig's disease on January 11, 2020.
Â¶3 On January 13, 2020, Appellees filed a probate petition in McIntosh County, seeking appointment as special administrators of Decedent's estate. Appellees alleged the Decedent had "orally expressed wishes for disposition of his bodily remains."
[4] Additionally, the petition maintained that a dispute regarding the disposition of Decedent's body had arisen between heirs of the estate. Appellees claimed that as representatives of the Decedent's estate, duly appointed under the terms of his will, they were to be afforded statutory priority to control the disposition of the remains. The will vested the co-personal representatives with the power to pay debts associated with Decedent's "last illness, funeral, and burial;"[5] however, nothing in the will explicitly entrusted them with control over decedent's remains.
Â¶4 In connection with Appellees' filing, the trial judge entered two separate ex parte rulings on January 13: (1) an order appointing Appellees as co-personal representatives; and (2) a "58 O.S. 212 Minute of the Court."
[6] In the latter edict, the trial judge awarded Appellees "sole responsibility of the planning, preparation, services, and payment from Estate assets, according to the decedent's will, and 21 O.S. 1158(2), for the disposition of decedent's bodily remains."[7]
Â¶5 On January 15, 2020, Dayna filed an objection contesting the admission of Decedent's will to probate, Appellees' appointment as co-special administrators, and Appellees' control over Decedent's body. Simultaneously, Dayna filed a second pleading in which she sought an emergency temporary restraining order and preliminary injunction. Both filings alleged inter alia that Decedent's will was invalid because: (1) Decedent was of unsound mind at the time the will was executed; and (2) the will was the byproduct of undue influence. In her demand for injunctive relief, Dayna maintained: (1) by statute she was entitled to priority and control of Decedent's body; (2) Decedent's will did not satisfy statutory prerequisites for assigning the right to control disposition of a body post-mortem; and (3) the will was invalid, therefore any assignment of the right to control Decedent's body contained in that instrument is likewise invalid.
Â¶6 Dayna's objection and motion were presented to the trial court on an emergency basis. Other than her verified pleadings, no additional evidence was offered at the hearing. There was no transcript made of the proceeding and no narrative statement has been submitted by Dayna as authorized in Okla. Sup. Ct. R. 1.30. In a journal entry filed on January 15, 2020, the district court found the Decedent's will "satisfies the requirements of 21 O.S. Â§ 1151(B) such that [Appellees] are entitled to control of the Decedent's remains pursuant to 21 O.S. Â§ 1158(2)."[8] The trial court denied injunctive relief, but did authorize Dayna to attend Decedent's funeral without interference. Dayna timely filed her appeal from the trial court's decision, and we retained the matter to address this first-impression question regarding the proper reading of 21 O.S. 2011 Â§Â§ 1151 and 1158.[9]
Standard of Review
Â¶
7 At issue in this interlocutory appeal is whether the trial court erred in denying Appellant's request for a temporary injunction. We will not disturb a trial court ruling either granting or denying a temporary injunction absent a finding the judge abused his or her discretion. Edwards v. Bd. of Cnty. Comm'rs of Canadian Cnty., 2015 OK 58, Â¶ 11, 378 P.3d 54, 58. An abuse of discretion is deemed to have occurred when a trial court's legal conclusions are clearly erroneous. Wright City Pub. Sch. v. Okla. Secondary Sch. Activities Ass'n, 2013 OK 35, Â¶ 17, 303 P.3d 884, 888, see also Christian v. Gray, 2003 OK 10, Â¶ 43, 65 P.3d 591, 608.
Â¶8 To assess the propriety of the trial court's equitable ruling in this case, we must examine the precise wording and interplay between two statutes: 21 O.S. 2011 Â§ 1158 and 21 O.S. 2011 Â§ 1151. Questions concerning statutory interpretation are subject to this Court's de novo review. Christian v. Christian, 2018 OK 91, Â¶ 6, 434 P.3d 941, 942. In exercising de novo review, "this court possesses plenary, independent, and non-deferential authority to examine the issues presented." Benedetti v. Cimarex Energy Co., 2018 OK 21, Â¶ 5, 415 P.3d 43, 45.
Analysis
Â¶9 Dayna argues on appeal that she sufficiently demonstrated entitlement to a preliminary injunction, and that the trial court's denial of such was an abuse of discretion and against the weight of the evidence. In particular, Dayna claims the Decedent's will does not contain specific language entitling Appellees to control over his remains, a requirement she argues is mandated by 21 O.S. 2011 Â§ 1151(B). Appellees contend that the will need not specifically assign control of Decedent's remains to the co-personal representatives. Rather, they insist that under 21 O.S. 2011 Â§ 1158(2), a personal representative properly appointed by a will, executed in conformity with Oklahoma law, is given priority over a surviving spouse. Alternatively, Appellees allege that even if Dayna was entitled to statutory priority over Decedent's remains, she forfeited that right when she became "estranged" from Decedent as specified in 21 O.S. 2011 Â§ 1151a.
Â¶10 The purpose of a temporary injunction is to "preserve the status quo and prevent the perpetuation of a wrong or the doing of an act whereby the rights of the moving party may be materially invaded, injured, or endangered." Id., Â¶ 10, 378 P.3d at 58. It is an extraordinary remedy, not to be granted lightly. Dowell v. Pletcher, 2013 OK 50, Â¶ 6, 304 P.3d 457, 460. A preliminary injunction may be imposed:
When it appears, by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. And when, during the pendency of an action, it shall appear, by affidavit, that the defendant threatens or is about to remove or dispose of his property with intent to defraud his creditors, or to render the judgment ineffectual, a temporary injunction may be granted to restrain such removal or disposition. It may, also, be granted in any case where it is specially authorized by statute.
12 O.S. 2011 Â§ 1382. It is a movant's duty to establish: 1) the likelihood of success on the merits; 2) irreparable harm to the party seeking injunction relief if the injunction is denied; 3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and 4) the injunction is in the public interest. Dowell, Â¶ 7, 304 P.3d at 460.
Â¶11 Although they were in the midst of a divorce proceeding, the parties in this case had been married for thirty-nine years; thus, the threatened harm in denying Dayna control over Decedent's remains was very real. Yet, entitlement to a temporary injunction still depended upon Dayna demonstrating she was likely to succeed on the merits. This, of course, required Dayna to prove that she should be given statutory priority over Decedent's remains.[10]
Â¶12 The trial court concluded Decedent's will fulfilled the requirements for assigning control over Decedent's remains. This was an erroneous legal determination. Section 1151, which is entitled, "Right to Direct the Disposal of One's Body," reads:
A. Any person has the right to direct the manner in which his or her body shall be disposed of after death, and to direct the manner in which any part of his or her body which becomes separated therefrom during his or her lifetime shall be disposed of. The provisions of Section 1151 et seq. of this title do not apply where such person has given directions for the disposal of his or her body or any part thereof inconsistent with these provisions.
B. A person may assign the right to direct the manner in which his or her body shall be disposed of after death by executing a sworn affidavit stating the assignment of the right and the name of the person or persons to whom the right has been assigned.
C. If the decedent died while serving in any branch of the United States Armed Forces, the United States Reserve Forces or the National Guard, and completed a United States Department of Defense Record of Emergency Data, DD Form 93, or its successor form, the person authorized by the decedent pursuant to that form shall have the right to bury the decedent or to provide other funeral and disposition arrangements, including but not limited to cremation.
D. Any person who knowingly fails to follow the directions as to the manner in which the body of a person shall be disposed of pursuant to subsection A, B or C of this section, upon conviction thereof, shall be guilty of a misdemeanor punishable by a fine of not more than Five Thousand Dollars ($5,000.00). (emphasis added). 
Subsection B commands a sworn instrument which plainly delegates the right to "direct the manner in which his or her body shall be disposed." Further, the statutory subsection requires identification of the individual to whom the right has been assigned. Even if we assume a lawfully executed will could serve as a sufficient sworn vehicle to invoke Â§ 1151(B), the will makes no mention of the right to control Decedent's remains. Consequently, the will wholly fails to meet the requirements of 21 O.S. 2011 Â§ 1151(B), and the trial court's finding was partially defective.[11] Notwithstanding, our inquiry does not end here because we may affirm a judgment below when the trial court reaches the correct result but for the wrong reason. Hall v. GEO Grp., Inc., 2014 OK 22, Â¶ 17, 324 P.3d 399, 406.
Â¶13 Because the Decedent did not execute a sworn instrument explicitly assigning the right to control his remains, we next turn our attention to 21 O.S. 2011 Â§ 1158. This section establishes a priority list of individuals for purposes of conferring control over a deceased person's remains. Section 1158 reads as follows:
The right to control the disposition of the remains of a deceased person, the location, manner and conditions of disposition, and arrangements for funeral goods and services vests in the following order, provided the person is eighteen (18) years of age or older and of sound mind:
1. The decedent, provided the decedent has entered into a pre-need funeral services contract or executed a written document that meets the requirements of the State of Oklahoma;
2. A representative appointed by the decedent by means of an executed and witnessed written document meeting the requirements of the State of Oklahoma;
3. The surviving spouse;
4. The sole surviving adult child of the decedent whose whereabouts is reasonably ascertained or if there is more than one adult child of the decedent, the majority of the surviving adult children whose whereabouts are reasonably ascertained;
5. The surviving parent or parents of the decedent, whose whereabouts are reasonably ascertained;
6. The surviving adult brother or sister of the decedent whose whereabouts is reasonably ascertained, or if there is more than one adult sibling of the decedent, the majority of the adult surviving siblings, whose whereabouts are reasonably ascertained;
7. The guardian of the person of the decedent at the time of the death of the decedent, if one had been appointed;
8. The person in the classes of the next degree of kinship, in descending order, under the laws of descent and distribution to inherit the estate of the decedent. If there is more than one person of the same degree, any person of that degree may exercise the right of disposition;
9. If the decedent was an indigent person or other person the final disposition of whose body is the financial responsibility of the state or a political subdivision of the state, the public officer or employee responsible for arranging the final disposition of the remains of the decedent; and
10. In the absence of any person under paragraphs 1 through 9 of this section, any other person willing to assume the responsibilities to act and arrange the final disposition of the remains of the decedent, including the personal representative of the estate of the decedent or the funeral director with custody of the body, after attesting in writing that a good-faith effort has been made to no avail to contact the individuals under paragraphs 1 through 9 of this section. (emphasis added).
Our inquiry centers around whether the Decedent's will satisfied Â§ 1158(2) as "an executed and witnessed written document meeting the requirements of the State of Oklahoma." Further, we must decide whether Â§ 1158(2) implicitly incorporates Â§ 1151(B), thereby mandating specific language in the will assigning the right to control Decedent's remains.
Â¶14 When the Court embarks on an examination of statutory enactments, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. Kohler v. Chambers, 2019 OK 2, Â¶ 6, 435 P.3d 109, 111. We will only employ rules of statutory construction when legislative intent cannot be ascertained (e.g., in cases of ambiguity). Christian v. Christian, Â¶ 5, 434 P.3d at 942. Our test for determining if a statute contains an ambiguity is whether its language is susceptible to more than one meaning. Id., Â¶ 5, 434 P.3d at 942-43.
Â¶15 In the present appeal, it is undisputed that Decedent's will was drafted and signed in conformity with 84 O.S. 2011 Â§ 55, including the Decedent executing the will before two witnesses, and having the same notarized under oath. Accordingly, a properly executed will satisfies the plain language of Â§ 1158(2).[12] Similarly, Decedent's will names two of the parties' children, Jeremy and Jacie, to serve as co-personal representatives over his estate. Again, a plain reading of Â§ 1158(2) requires a finding that Appellees are "representatives appointed by the decedent." Finally, we note that nothing in Â§ 1158(2) mandates compliance with Â§ 1151.
Â¶16 Dayna maintains that to qualify as "the representative" referred to in Â§ 1158(2), such appointment must specifically assign the right to dispose of a decedent's body and specifically name the individuals to whom the precise right has been assigned. In other words, she asks the Court to incorporate Â§ 1151(B) into Â§ 1158(2) by implication. The problem with Dayna's argument is that it would render Â§ 1158(2) both redundant and superfluous. Section 1158(1) allows a decedent to control the disposition of his remains via an executed "written document that meets the requirements of the State of Oklahoma." Ostensibly, subsection one relates specifically to the assignment process outlined in Â§ 1151(B). If the Legislature had intended to give statutory priority to only those individuals nominated in accordance with Â§ 1151(B), there would have been no need to enact Â§ 1158(2) because the individual identified in Â§ 1158(2) would have already been covered by the language in Â§ 1158(1).
Â¶17 In addition, Â§ 1158 does not reference Â§ 1151. In fact, a reading of the version of 21 O.S. Â§ 1158, in effect prior to the last legislative amendment, solidifies our reading of the statute. Before being amended the statute read as follows:
The duty of burying the body of a deceased person devolves upon the persons hereinafter specified:
1. The person or persons designated in subsection B of Section 1151 of this title.
2. If the deceased was married at the time of his or her death, the duty of burial devolves upon the spouse of the deceased.
3. If the deceased was not married, but left any kindred, the duty of burial devolves upon any person or persons in the same degree nearest of kin to the deceased, being of adult age, and possessed of sufficient means to defray the necessary expenses.
4. If the deceased left no spouse, nor kindred, answering to the foregoing description, the duty of burial devolves upon the officer conducting an inquest upon the body of the deceased, if any such inquest is held; if none, then upon the persons charged with the support of the poor in the locality in which the death occurs.
5. In case the person upon whom the duty of burial is cast by the foregoing provisions omits to make such burial within a reasonable time, the duty devolves upon the person next specified; and if all omit to act, it devolves upon the tenant, or, if there be no tenant, upon the owner of the premises where the death occurs or the body is found.
[13]
(emphasis added). If the Legislature had intended to limit the priority afforded in Â§ 1158(2) to instruments executed in accordance with Â§ 1151(B), it could have easily done so by leaving the reference to Â§ 1151 in the statute.
Â¶18 Finally, we believe our reading of Â§ 1158 (2) is the only sensible outcome. An instrument expressly assigning the right to dispose of one's body most clearly carries out a decedent's intent. A personal representative is, seemingly, the individual most trusted by a decedent to properly carry out his or her affairs after death. Therefore, the most logical second choice to assume responsibility for handling a decedent's body should be the representative(s) appointed under a lawfully executed will. In this case, the named co-personal representatives were entrusted with managing the Decedent's affairs, including the responsibility to pay debts associated with Decedent's "last illness, funeral and burial." It would make little sense to allow an individual who was not responsible for paying expenses associated with the funeral and/or handling of the body to control the manner in which these matters are performed.
Â¶19 Appellees also urge us to affirm the district court ruling based on the forfeiture provisions outlined in O.S. 2011 Â§ 1151a. Appellees argue that under Â§ 1151a, Dayna has relinquished the right to control Decedent's remains because (1) she did not timely exercise the right and (2) the parties were "estranged."
[14] Because we have concluded the co-personal representatives have priority over Decedent's remains, it is unnecessary to address this matter. Although there is likely sufficient evidence to support a finding that the parties were estranged, the question was not raised below or addressed by the trial court. Issues not presented by the parties below, may not be raised by an appellee for the first time on appeal. In re M.K.T., 2016 OK 4, Â¶ 86, 368 P.3d 771, 798.
Conclusion
Â¶20 Considering the construction of the statute and the record before us, the trial judge did not abuse his discretion in denying the temporary injunction. The decedent clearly expressed an intent to vest power over his person and estate in the named co-personal representatives identified in his Last Will and Testament. Because the will meets the requirements of 21 O.S. 2011 Â§ 1158(2), the trial court's decision denying a temporary injunction is affirmed.
TRIAL COURT ORDER DENYING TEMPORARY 
INJUNCTION AFFIRMED ON OTHER GROUNDS.
ALL JUSTICES CONCUR
FOOTNOTES
[1] The material facts in this case are undisputed.
[2] In Re Marriage of Dayna Foresee v. Thomas A. Foresee, Tulsa County District Court, FD-2019-1666. The pendency of the divorce proceeding in Tulsa is set forth in Decedent's will, which is part of the original appellate record. (Last Will and Testament of Thomas Allen Foresee, O.R. at 5). Although pleadings from the dissolution case are not in the record, the Court takes judicial notice of the matter for purposes of this appeal through its access to the Court's files on www.oscn.net.
[3] This opinion does not address the efficacy of Decedent's attempt to disinherit Dayna. For a short discussion of testamentary efforts by a decedent to disinherit a surviving spouse, see In re Estate of Jackson, 2008 OK 83, Â¶ 21, 194 P.3d 1269, 1274.
[4] (Petition for Letters of Special Administration, O.R. at 1).
[5] (Last Will and Testament, O.R. at 7).
[6] (Minute, O.R. at 13). Title 58 O.S. 2011 Â§ 211 allows for the appointment of a special administrator when there is a pressing need to appoint an interim representative "for the preservation of the estate." Such appointment may be made without notice, as was done in the present case. 58 O.S. 2011 Â§ 212. Priority is given to a person or persons entitled to appointment as executor or administrator by testamentary nomination or via statutory priority. 58 O.S. 2011 Â§ 213.
[7] (Minute, O.R. at 13).
[8] (Journal Entry, O.R. at 40).
[9] Appellee filed a motion to dismiss alleging: (1) the appeal was moot; and (2) the proceeding had arisen from an interlocutory order, not subject to immediate appeal. We denied the motion to dismiss by Order issued March 30, 2020. The interlocutory order was appealable as a matter of right. See 12 O.S. Supp. 2019 Â§ 993(A) (2) and Okla. Sup. Ct. R. 1.60. Moreover, this appeal is not moot, as it meets both of the exceptions to the mootness doctrine. See State ex rel. Okla. Firefighters Pension and Ret. Sys. v. City of Spencer, 2009 OK 73, Â¶Â¶ 4-5, 237 P.3d 125, 129-30.
[10] In this case, Dayna raised several claims which could have impacted the trial court's adjudication of her likelihood of success on the merits. These included assertions that Decedent's will was invalid because it was subject to undue influence and executed while Decedent lacked capacity. No evidence in support of these claims was presented during the trial court's hearing and the issues have not been briefed on appeal, therefore we will not consider these matters.
[11] While Â§1151 (B) refers to a sworn affidavit, we believe sworn instruments such as a will or power of attorney could meet the statutory mandates if a provision expressly assigning control over the testator/affiant's remains is included in the written documents. In fact, it is probably good practice for attorneys drafting powers of attorney, wills, and other legal instruments, to inquire of their clients regarding disposition of their remains.
[12] The Court is not ruling on the validity of the will; whether it satisfied 84 O.S. 2011 Â§ 55; whether it was subject to undue influence; or whether Decedent lacked capacity.
[13] 21 O.S. Supp. 1997 Â§ 1158.
[14] Section 1151a provides:
Any person entitled by law to the right to dispose of the body of the decedent shall forfeit that right, and the right shall be passed on to the next qualifying person as listed in Section 1158 of Title 21 of the Oklahoma Statutes, in the following circumstances:
1. Any person charged with first or second degree murder or voluntary manslaughter in connection with the death of the decedent, and whose charges are known to the funeral director; provided, however that if the charges against such person are dropped, or if such person is acquitted of the charges, the right of disposition shall be returned to the person;
2. Any person who does not exercise the right of disposition within three (3) days of notification of the death of the decedent or within five (5) days of the death of the decedent, whichever is earlier; or

3. If the district court, pursuant to Title 58 of the Oklahoma Statutes, determines that the person entitled to the right of disposition and the decedent were estranged at the time of death. For purposes of this paragraph, "estranged" means a physical and emotional separation from the decedent at the time of death that clearly demonstrates an absence of due affection, trust and regard for the decedent.